UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL LOUKAS #158249,

       Plaintiff,

                                          File No. 2:07-CV-92

v.

                                          HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.

                                          /

**ORDER ADOPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 16, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Michael Loukas' prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. Plaintiff filed objections to the R&R on August 27, 2007.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court is required to make a *de novo* review upon the record of those portions of the magistrate judge's disposition to which specific written objection has been made.

Plaintiff's complaint alleges violations of his First and Fourteenth Amendment rights. The Magistrate Judge recommended that Plaintiff's First Amendment claim be denied because Plaintiff failed to allege any facts showing that Defendants' restriction on Plaintiff's

ability to possess a religious medallion interfered with Plaintiff's ability to practice his religion. (R&R 4.)

Plaintiff alleges in his complaint that his religion and the religion of his entire family is Greek Orthodox and that the symbol on his medallion (the Mother Mary with Baby Jesus) is "significant to their religious beliefs, and practice." (Compl. ¶ 14.) In his objections to the R&R Plaintiff has explained that he uses the medallion in his daily prayers and that he also holds his medallion in tough times as a reminder to keep the faith in his religious belief. The Court is satisfied that, when read indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff's pro se allegation that the medallion is significant to his religious beliefs and practice is sufficient to state a claim that Defendants' restriction on Plaintiff's ability to possess the medallion interfered with Plaintiff's First Amendment right to freely practice his religion.

The Magistrate Judge construed Plaintiff's Fourteenth Amendment claim as a procedural due process claim and recommended that it be dismissed because Plaintiff failed to allege any facts showing that he was a denied a fair hearing before it was determined that he could not possess the religious medallion in a Level V facility. Plaintiff has not challenged the finding that he failed to state a procedural due process claim. Instead he contends that he has stated a substantive due process claim. The Court disagrees. In order to state a cognizable substantive due process claim, a plaintiff must allege "'conduct intended to injure in some way unjustifiable by any government interest' and that is

'conscience-shocking' in nature." *Mitchell v. McNeil*, 487 F.3d 374, 377 (6th Cir. 2007) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).  Plaintiff's complaint does not allege facts that would meet this requirement.

Plaintiff also contends, however, that he has stated a claim under the Fourteenth Amendment for denial of equal protection.  Plaintiff alleges that his complaint redresses "the egregious denial of equal protection under the Fourteenth Amendment of Plaintiff's First Amendment Constitutional Right to possess religious items deemed significant to his religious beliefs." (Compl. ¶ 1.)  Plaintiff alleges that Muslim prisoners are allowed to wear medallions, and that Defendants advised him that he could wear a cross, but not a religious medallion for his own religious belief. (Compl. ¶¶ 23, 27.)  He alleges that Defendants' actions were discriminatory and in violation of equal protection of the law. (Compl. ¶¶ 4, 28).  The Magistrate Judge did not address Plaintiff's efforts to state an equal protection claim.  To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class or burdened a fundamental right.  *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 770 (6th Cir. 2005).  The Court is satisfied that the allegations in Plaintiff's complaint are sufficient to state an equal protection claim under the Fourteenth Amendment based upon the denial of a fundamental right.

The Court agrees with the R&R's recommendation the Plaintiff's claims against the MDOC be dismissed for failure to state a claim on which relief can be granted.  Contrary

3

to Plaintiff's objections, the MDOC is immune not only from claims requesting damages, but also from claims for injunctive relief.  *See*, *e.g.*, *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (holding that Eleventh Amendment immunity is far reaching and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens."); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) ("Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief.").  Accordingly,

    **IT IS HEREBY ORDERED** that Plaintiff's objections to the August 16, 2007 Report and Recommendation of the Magistrate Judge (Dkt. No. # 5) are **GRANTED IN PART and DENIED IN PART**.  Plaintiff's objections are granted with respect to his First Amendment claim, and his Fourteenth Amendment equal protection claim, and are denied as to his Fourteenth Amendment due process claim and his claims against the Michigan Department of Corrections.

    **IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 4) is **ADOPTED IN PART and REJECTED IN PART**, as follows:  the Court approves and adopts the R&R insofar as it recommends dismissal of Plaintiff's due process claims and his claims against the Michigan Department of Corrections, and the Court rejects the R&R insofar as it recommends dismissal of Plaintiff's Fourteenth Amendment equal protection claim.

**IT IS FURTHER ORDERED** that the Michigan Department of Corrections is **DISMISSED** from this action.


Date:    November 6, 2007                /s/ Robert Holmes Bell
                                                                ROBERT HOLMES BELL
                                                                CHIEF UNITED STATES DISTRICT JUDGE